IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JAMES MOON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR. NO. 13-00244-1 DKW<br>CV. NO. 16-00171 DKW-RLP<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF THE DENIAL OF HIS PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)** |

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION
OF THE DENIAL OF HIS PETITION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

On August 16, 2016, the Court denied Petitioner James Moon's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), in which Moon alleged ineffective assistance of counsel and prosecutorial misconduct based on an alleged breach of his Plea Agreement by the Government. *See* Dkt. No. 112 (8/16/16 Order). Moon now seeks reconsideration of that order.

Notwithstanding the broad waiver provision in his Plea Agreement that prohibits collateral attacks in most circumstances, Moon, in his Section 2255 Motion, and again in his Motion for Reconsideration, seeks to set aside his sentence as purportedly based on a larger quantity of drugs than he contemplated when he entered his Plea Agreement with the United States.[1]  Because Moon presents no newly discovered evidence, intervening change in the law, or clear error committed in the Court's prior order, the Motion for Reconsideration is denied.  Moon's request for a certificate of appealability is also denied.

## DISCUSSION

**I.     Legal Standard**

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend a judgment.[2]  "The Rule 59(e) motion may not be used to relitigate

---

[1] Pursuant to the Plea Agreement, Moon pled guilty to, and was sentenced to 168 months' imprisonment for, conspiracy to possess with the intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

[2] On August 16, 2016, the Court denied Moon's Section 2255 Motion and entered judgment.  *See* Civ. No. 16-00171 DKW-RLP, Dkt. Nos. 5 and 6.  Moon placed the present Motion for Reconsideration into the prison mail system on or about September 13, 2016.  *See* Crim. No. 13-00244 DKW, Dkt. No. 113-2 (mailing documentation).  Because the motion was filed within 28 days after the order denying the Section 2255 Motion was filed and judgment entered, the Court reviews the motion under Rule 59(e) of the Federal Rules of Civil Procedure.  *See Dugan v. United States*, 2015 WL 5244341, at *4 (E.D.N.Y. Sept. 8, 2015) ("A motion for reconsideration of a judgment or an order disposing of a § 2255 petition is permitted under Rule 59(e) of the Federal Rules of Civil Procedure, which permits a party to file a motion to alter or amend the judgment within 28 days after entry of judgment."); *Holloway v. United States*, 2010 WL 4791810, at *1 (N.D. Ind. Nov. 16, 2010) ("Mr. Holloway is now before the court seeking reconsideration of the denial of his § 2255 petition in reliance on Federal Rule of Civil Procedure 59(e), which is applicable because Mr. Holloway's motion was filed less than twenty-eight days after entry of the order he's challenging.").

old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright, Arthur Miller, and Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (3d ed. West 2015).

> A district court may properly reconsider its decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

*Smith v. Clark Cnty. Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). A decision whether to grant or deny a Rule 59(e) motion is committed to the sound discretion of this court. *Id*. n.1 ("[T]he district court enjoys considerable discretion in granting or denying the motion[.]"); *see also Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) (Holding that "denial of a motion for reconsideration is reviewed only for an abuse of discretion[.]").

## II.     Reconsideration Is Not Warranted

Moon's Rule 59(e) Motion for Reconsideration reiterates the grounds raised in his earlier Section 2255 Motion. The Section 2255 Motion was unpersuasive, and this one is as well.

The Court once again notes that, because Moon knowingly and voluntarily waived his right to collaterally attack his conviction and sentence based upon the written waiver within the Plea Agreement, Moon is not entitled to challenge his sentence by means of a Section 2255 Motion, except to the extent that attack is based on the alleged ineffective assistance of counsel. *See* 8/16/16 Order at 8-10.[3]

### A.     Breach Of Plea Agreement And Drug Quantity Arguments

The bulk of Moon's arguments rehash his prior contentions regarding relevant conduct that the Court already rejected: specifically, Moon's erroneous belief that his Plea Agreement somehow limited the Court to holding him responsible for no more than 500 grams of methamphetamine and/or 500 grams of cocaine. Consistent with the Indictment, his Plea Agreement says exactly the opposite: that Moon would plead guilty to conspiracy to distribute and to possess with the intent to distribute "500 grams *or more* of methamphetamine and 500 grams *or more* of cocaine." That is what Moon's Plea Agreement says and that is, in fact, what Moon pled guilty to in open court on January 31, 2014.

Notwithstanding these basic facts, Moon again argues that the Government breached the Plea Agreement and his constitutional rights by seeking to hold him accountable for 4.9 kilos of methamphetamine and 2 kilos of cocaine. *See* Motion

---

[3]Moon's Plea Agreement provides a second limited collateral attack exception that applies only when a sentence is imposed that is above the applicable sentencing guidelines. That exception clearly has no application here where the Court imposed a sentence that varied downward, not upward, from the guideline range.

at 3-9; Reply at 3. Because of the appellate waiver provision in his Plea Agreement, he asserts that his counsel's failure to object to the Government's conduct amounts to the alleged ineffective assistance of counsel.

These arguments are exactly the ones the Court heard before—and rejected. *See* 8/16/16 Order at 14 ("First, nothing in the Plea Agreement is inconsistent with seeking to hold Moon responsible for 4.9 kilograms of methamphetamine because 4.9 kilograms *is* '500 grams *or more*' of methamphetamine. Moon's argument overlooks the words 'or more.' Second, Moon stipulated in his Plea Agreement that he had conspired to distribute a total of approximately 4.967 kilograms of methamphetamine and 2.001 kilograms of cocaine."). In other words, Moon offers no new argument or new evidence in the instant motion.

For the reasons set forth in the Court's prior order, Moon's re-argument regarding the conduct charged, the terms of the Plea Agreement, and the quantities to which he pled guilty provide no basis for reconsideration.

B.  **Prosecutorial Misconduct**

In the order denying Moon's Section 2255 Motion, the Court determined that Moon had not established any basis for his allegations of prosecutorial misconduct. *See* 8/16/16 Order at 10 n.2. For the reasons set forth in the Court's prior order, Moon's claims of prosecutorial misconduct lack merit and he presents no sufficient grounds for reconsideration.

### C. Ineffective Assistance of Counsel

The Court previously found that Moon had not proffered evidence supporting his claim of ineffective assistance of counsel. *See* 8/16/16 Order at 10-17. That assertion, as set forth above, largely mimics Moon's arguments relating to relevant conduct. Moon fails to establish any basis for reconsideration of the Court's determination, arguing only that his counsel was ineffective "in allowing the Government to blatantly breach the terms of the Plea Agreement." Reply at 5. As explained in several places, because Moon fails to establish that the Government breached the Plea Agreement in the first place, his counsel's failure to intervene cannot be the basis of an ineffective assistance claim.

### D. Summary

The Court acknowledges that, despite its significant downward variance, Moon is dissatisfied with the sentence imposed in this case. However, his disagreement with the Court's prior order denying his Section 2255 Motion is inadequate grounds for reconsideration. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005) ("Mere disagreement with a previous order is an insufficient basis for reconsideration. Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision."). Because Moon's Motion presents

insufficient grounds for reconsideration of the Court's prior order, the motion is DENIED.

### III.   Request For A Certificate Of Appealability Is Denied

The Court previously declined to issue a certificate of appealability. *See* 8/16/16 Order at 17-18. The arguments made in Moon's Motion for Reconsideration give the Court no cause to alter this ruling.

No reasonable jurist would find it debatable that (1) Moon's Plea Agreement expressly precludes any collateral challenge to his sentence, other than one based on a claim of ineffective assistance of counsel; and (2) Moon failed to establish that counsel was ineffective. Nor does this Court believe any reasonable jurist would find the Court's assessment of the merits of Moon's remaining constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

///

///

///

///

As the Court determined once before and does so again now, Moon's request for a certificate of appealability is denied. *See* R. 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

DATED: December 2, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Moon v. USA; CR 13-244 DKW; CV 16-171 DKW-RLP; **ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF THE DENIAL OF HIS PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**