IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| UNITED STATES OF AMERICA, | Case No. 13-cr-00244-DKW-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| JAMES MOON, | |
| Defendant. | |

Defendant James Moon moves for a reduction in his sentence to time-served, arguing that the coronavirus pandemic, in combination with his age and medical conditions, is an "extraordinary and compelling" circumstance justifying relief pursuant to Section 3582(c)(1)(A)(i) of Title 18. Defendant, however, is incarcerated in a federal prison facility with no recorded cases of coronavirus amongst the inmate population−something that cannot be said about the general populace to which he wishes to be released. In addition, the sentencing factors that the Court must consider with a motion such as the instant one do not support a reduction in sentence. As a result, the motion for compassionate release, Dkt. No. 129, is DENIED, as set forth below.

## RELEVANT PROCEDURAL BACKGROUND

On April 9, 2015, Moon was sentenced to 168 months' imprisonment for conspiracy to distribute and to possess with the intent to distribute 500 grams or more of methamphetamine and 500 grams or more of cocaine.  Dkt. No. 100.  In pronouncing sentence, the Court addressed the sentencing factors under Section 3553(a) of Title 18.  Among other things, the Court noted initially that this was not an "easy" sentencing decision due to strong aggravating and mitigating factors.  Dkt. No. 108 at 22:2-3.  More specifically, the Court observed, in aggravation, that Moon had distributed significant quantities of methamphetamine and cocaine−upwards of 120 pounds−over a period of time, stipulated to being an organizer, leader, supervisor, or manager of his offense, and admitted to being a substance abuser.  *Id*. at 22:4-24:5.  In mitigation, the Court observed that Moon served honorably in the United States Marine Corps, volunteered in the community prior to his offenses and during his pretrial release, provided letters of support from fellow church members, and had no history of violence.  *Id*. at 24:19-27:12.  After weighing these and other factors, the Court varied downwards, sentencing Moon to 168 months' imprisonment.  *Id*. at 27:16-28:9.[1]

---

[1] Moon's guideline imprisonment range was 210 to 262 months.  Dkt. No. 111 at ¶ 65.

## **LEGAL STANDARD**

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if, upon motion of the Director of the Bureau of Prisons (BOP) or the defendant following exhaustion of administrative rights related thereto, "extraordinary and compelling reasons warrant such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with the relevant policy statement of the U.S. Sentencing Commission.   18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

The Sentencing Commission has defined "extraordinary and compelling reasons" to include, among other things, a defendant suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover.   U.S.S.G. ¶ 1B1.13, app. note 1(A)(ii).   Age and family circumstances may also provide the basis for a finding of "extraordinary and compelling" (*id*., app. note 1(B) and (C)), as may a "reason other than, or in combination with, the reasons described in [the application note]." *Id*., app. note 1(D).   With respect to the latter, the "extraordinary and compelling reason" must be "determined by the Director of the Bureau of Prisons…." *Id*.

## **DISCUSSION**

Here, the Court does not find that an extraordinary and compelling circumstance exists to justify Moon's release from incarceration, despite the medical conditions from which he asserts he suffers. In part, the reason is that Moon's place of incarceration is Federal Prison Camp (FPC) Montgomery. Since the beginning of the pandemic, no inmates at FPC Montgomery have been reported as contracting the coronavirus. *See* https://www.bop.gov/coronavirus (last visited November 10, 2020).[2] That is a significantly better record than the one reported for the United States in general.[3]

In addition, the Court does not find that the Section 3553(a) sentencing factors weigh in favor of a reduction in sentence here. The Court begins, as it did at sentencing, in observing that this was not an easy sentencing decision. There were both strong factors in aggravation−starting with the significant quantities of methamphetamine Moon distributed−and in mitigation−including Moon's military service. Since the time of sentencing, Moon asserts that he has also completed a

---

[2] As of November 10, 2020, a total of three staff at FPC Montgomery have contracted the coronavirus, two of whom have recovered.

[3] Specifically, as of November 9, 2020, with a population of roughly 330.5 million, *see* https://www.census.gov/popclock, and approximately 9.9 million coronavirus cases, *see* https://covid.cdc.gov/covid-data-tracker, approximately 2.99% of the U.S. population has officially been recorded as contracting the coronavirus. Given that no inmates have been recorded as contracting the coronavirus at FPC Montgomery, the percentage there, at least among inmates like Moon, is obviously zero.

4

large number of educational and vocational programs and worked in prison.   The Court acknowledges these activities.   However, the Court does not find that they move the needle any more than the needle was moved when the Court varied downward in sentencing Moon originally.   Put simply, having once again weighed all relevant factors,[4] the sufficient but not greater than necessary sentence in this case is 168 months' imprisonment.

Accordingly, Moon's motion for compassionate release, Dkt. No. 129, is DENIED.

IT IS SO ORDERED.

DATED: November 10, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*United States of America vs. James Moon*; Cr. No. 13-00244 DKW-1; **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

[4] The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, and the need to avoid unwarranted sentencing disparities.   18 U.S.C. § 3553(a).